Jeffrey L. Hartman, Esq. – NSB #1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Clayton P. Brust, Esq. – NSB #5234
Hannah E. Winston, Esq. – NSB #14520
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
T: (775) 299-4051
cbrust@sbwlawgroup.com
hwinston@sbwlawgroup.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>META MATERIALS INC.,<br><br>    Debtor. | Case No.: 24-50792-gs<br>(Chapter 7) |
| CHRISTINA W. LOVATO,<br><br>    Plaintiff,<br><br>v.<br><br>EQUINITI TRUST COMPANY, LLC,<br><br>    Defendant. | Adversary No.:<br><br>**COMPLAINT<br>(PREFERENTIAL TRANSFERS)<br>11 U.S.C. § 547(b)** |

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estate of Meta Materials Inc. ("***Meta Estate***" or "***Debtor***"), files her complaint ("***Complaint***") against Defendant Equiniti Trust Company, LLC ("***Equiniti***"), and alleges as follows.

### PARTIES

1. Plaintiff is the chapter 7 bankruptcy trustee for the Meta Estate.

2. Meta filed its chapter 7 petition on August 9, 2024 ("Petition Date"), in the United States Bankruptcy Court, District of Nevada, Reno Court.

3. Plaintiff has the capacity to commence this action by way of 11 U.S.C. § 323.

1

4. Plaintiff is informed and believes and thereon alleges that Defendant Equiniti is a limited liability company formed in Illinois and doing business in the State of New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant Equiniti is a stock transfer agent.

## JURISDICTION AND VENUE

6. The Bankruptcy Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

7. The Trustee consents to the entry of final orders and judgments by the Bankruptcy Court.

## FACTUAL ALLEGATIONS

8. Pre-petition, Meta was a publicly traded company with its shares listed on NASDAQ.

9. The Schedules of Assets and Liabilities ("SOFA") filed by Meta disclose that on July 18, 2024, it paid Equiniti $64,174.86 for 'investor related expenses' ("Transfer").

10. Plaintiff alleges that Meta was insolvent not later than May 11, 2024.

## FIRST CLAIM FOR RELIEF

### Avoidance of Transfer as Preferential Under

### Section 547(b) of the Bankruptcy Code

11. Plaintiff incorporates by reference her allegations set forth in paragraphs 1 through 10, as if fully set forth herein.

12. The Transfer was to Equiniti as a creditor of Meta.

13. The Transfer was on account of an antecedent debt owed to Equiniti.

14. The Transfer was made while Meta was insolvent.

15. The Transfer was made within 90 days of the Meta chapter 7 petition filing on August 9, 2024.

16.    The Transfer enabled Equiniti to receive more than it would have received if the transfer had not been made and Equiniti received payment to the extent provided under a chapter 7 under Title 11.

## SECOND CLAIM FOR RELIEF

### Avoidance And Recovery Of Preferential Transfer

### Under 11 U.S.C. §§ 547 And 550

17.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

18.    To the extent the Transfer is avoided under 11 U.S.C. § § 547, Plaintiff is entitled to recover, for the benefit of the Estate, the property transferred or the value of such property from the Defendant, as initial transferee of such Transfer or any entities for whose benefit such transfers were made, pursuant to 11 U.S.C. § 550(a)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

a.  That the Transfer be determined to be a preferential transfer and be avoided;

b.  That Equiniti be directed to return the $64,174.86  payment pursuant to § 550(a) of the Bankruptcy Code;

c.  That the Meta Estate be awarded interest accruing from the commencement of this adversary proceeding to the date of collection at the appropriate judgment rate;

d.  That judgment be entered against Equiniti in the amount of the avoided Transfer plus interest until paid at the federal rate; and

e.  Such other and further relief as is just.

DATED: August 5, 2026.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.,
Attorney for Christina Lovato, Trustee/Plaintiff

**SBW LAW GROUP**

*/s/ Clayton P. Brust*
Clayton P. Brust, Esq.,
Attorneys for Christina Lovato, Trustee/Plaintiff

3